IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glen Russell Wingfield,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 09-1385-PHX-PGR (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Pending before the court is Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. #1.) Petitioner also filed a Supplement to his Petition. (Doc. #3.) Respondents have filed a Response (Doc. #9), and Petitioner has filed a Reply (Doc. #11). In Ground One, Petitioner sets forth his only claim for relief: "[his state conviction] violates the mens rea requirement of U.S.C. para. 1028A (a)(1)." (Doc. #1, at 5.) Petitioner cites a 2009 Supreme Court case to support his position, and attaches the case as Exhibit 1 to his Petition. (Id.) In his Supplement, Petitioner adds more specifically that, because he had no knowledge of the existence of the individual whose drivers license he used, his conviction "violated case law," as decided by the 2009 Supreme Court case referenced in his Petition. (Doc. #3, at 2.) Respondents argue that Petitioner's Petition for a Writ of Habeas Corpus is untimely under the Anti-Terrorism and Effective Death Penalty

Act (AEDPA), and alternatively, that the Petition is procedurally barred and is meritless. (Doc. #9.) In his Reply, Petitioner only responds to the merits argument. (Doc. #11.)

## STATE COURT PROCEEDINGS

Petitioner was indicted by a state grand jury on April 27, 1992, on one count of Taking the Identity of Another, a class 4 felony, and two counts of Forgery, class 4 felonies. (Doc. #9, Exh. B.) On July 31, 2006, Petitioner plead guilty pursuant to a plea agreement to one count of Taking the Identity of Another, with one prior felony conviction. (Doc. #9, Exhs. C, D.) The plea agreement carried the stipulation that Petitioner would be sentenced to a term in prison of not less than five years. (Doc. #9, Exh. C.) The crime with one prior felony carried the presumptive sentence of 4.5 years, and a maximum sentence of six years. (Id.) Petitioner was sentenced on September 20, 2006, to an aggravated term of five years imprisonment. (Doc. #9, Exh. E, at 2.) He was also provided, and signed, a Notice of Rights of Review After Conviction and Procedure. (Doc. #9, Exh. F.) That form advised Petitioner that he had 90 days to file a Notice of Post-Conviction Relief, or forever lose the "opportunity to have any errors made in your case corrected by the court." (Id.) It also advised Petitioner that "a full copy of the rules governing appeals and post-conviction relief were available from the clerk's office upon request." (Id.)

Petitioner filed a Notice of Post-Conviction Relief ("Notice") a year and 38 days later, on November 29, 2007. (Doc. #9, Exh. G.) In his Notice, Petitioner acknowledged that his Notice was untimely, but that he was raising claims pursuant to Rule 32.1(d), (f), (g), or (h), Arizona Rules of Criminal Procedure. (Doc. #9, Exh. G, at 2.) He also set forth the following reason for not filing his Notice in a timely matter: "petitioner had not access to the means necessary to research the relevant case law and legal material resource that could aid in his self-representation of his case." (Id., at 3.) Petitioner raised in his Notice a claim of ineffective assistance of trial counsel. (Id., at 5-9.)

The trial court dismissed Petitioner's Notice on January 8, 2008, issuing the following ruling:

> Defendant's notice is untimely. Pursuant to Rule 32.4(a) of the Arizona Rules of Criminal Procedure, the notice must be filed within 90 days of the entry of judgment and sentencing. Defendant claims he should be excused from the timeliness requirement because of his lack of access to legal materials. Defendant was advised in the Notice of Rights of Review After Conviction and Procedure that he signed on September 20, 2006 of his right to pursue post-conviction relief and the time requirements for such filing. Defendant has failed to provide the Court with meritorious reasons why the failure to timely file the notice was without fault on his part.
>
> Defendant claims ineffective assistance of counsel. Rule 32.4(a), Arizona Rules of Criminal Procedure, provided that any notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g), or (h). A claim of ineffective assistance of counsel falls under Rule 32.1(a) and therefore does not come within one of the exceptions listed in Rule 32.f(a).

(Doc. #9, Exh. H.)

Petitioner filed a Petition for Review in the Arizona Court of Appeals on February 11, 2008, reiterating his claim that he was denied effective assistance of counsel. (Doc. #9, Exh. I.) On December 9, 2008, the Arizona Court of Appeals summarily denied review. (Doc. #9, Exh. J.) Petitioner filed the instant Petition for Writ of Habeas Corpus on June 29, 2009. (Doc. #1.)

**DISCUSSION**

The Antiterrorism and AEDPA imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002).

In Arizona, a "Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. §2244(d)(1)(A)." Summers v. Schriro, 481 F.3d 710, 716-17 (9th Cir. 2007). AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review. Id. Petitioner was sentenced on September 20, 2006. Because his conviction was entered pursuant to a guilty plea, Petitioner had 90 days, or until December 19, 2006, to file his Notice of Post-

1 | Conviction Relief. See, Ariz.R.Crim.P. 32.9(c). Since he did not file a notice within that time period, the AEDPA 1-year statute of limitations began to run on December 20, 2006, giving Petitioner until December 20, 2007 to timely file his petition for writ of habeas corpus.

Petitioner filed his Notice on November 29, 2007. In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott, 304 F.3d at 921. A state petition that is not filed however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414. To hold otherwise "would turn §2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." Id. At 413.

Petitioner filed his Notice over a year after he was sentenced, and well after the 90 day deadline imposed by Arizona Rules of Criminal Procedure. His untimely notice therefore does not toll the AEDPA's 1-year limitation. His habeas petition, filed approximately two-and-a-half years after Petitioner's conviction became final, is untimely under the AEDPA and should be dismissed. Even if Petitioner were entitled to statutory tolling of the period of time between the filing of his Notice of Post-Conviction Relief and the denial of his Petition for Review to the Arizona Court of Appeals (376 days), his Petition for Writ of Habeas Corpus would still be untimely, as 547 days would still be counted toward the limitations period.

| | |
|---|---|
| 1 | The Ninth Circuit has previously applied the doctrine of equitable tolling to the |
| 2 | AEDPA limitations period. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). Equitable |
| 3 | tolling is appropriate "if extraordinary circumstances beyond a prisoner's control make it |
| 4 | impossible to file a petition on time." Calderon v. United States District Court (Beeler), 128 |
| 5 | F.3d 1283, 1288 (9th Cir.1997), overruled on other grounds, 163 F.3d 530 (9th Cir. 1998) |
| 6 | (tolling of statute of limitations due to extraordinary circumstances requires that a defendant |
| 7 | diligently pursue his claim). A petition bears the burden of establishing that he pursued his |
| 8 | rights diligently and that some extraordinary circumstances stood in his way. Pace, 544 U.S. |
| 9 | at 418; United States v. Marolf, 173 F.3d 1213, 1218 n. 3 (9th Cir. 1999). |

Respondents argue that the United States Supreme Court opinion in Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360 (2007) established that the AEDPA limitations period is jurisdictional, and therefore equitable tolling does not apply. Respondents do not reference in their argument that the Ninth Circuit has concurred with the reasoning of the Second Circuit as set forth in Diaz v. Kelly:

> [I]t would be an unwarranted extension of *Bowles* to think that the Court was impliedly rendering equitable tolling inapplicable to limitations periods just because they are set forth in statutes. Since a statute of limitations is a defense, *see* Fed.R.Civ.P. 8(c), it has not been regarded as jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (AEDPA limitations period), and has been subject to equitable tolling, *see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). We think it remains so after *Bowles*.
>
> The Supreme Court's recent decision in *John R. Sand & Gravel Co. v. United States*, __ U.S. __, 128 S.Ct. 750, __ L.Ed.2d __, confirms our view. The Court there noted that most limitations periods are non-jurisdictional affirmative defenses and are subject to equitable tolling, *see id.* at 753-54, and viewed the limitations period governing suits against the United States in the Court of Federal Claims as jurisdictional only because a long line of prior decisions had so held and were entitled to adherence under principles of *stare decisis*, *see id.* at 756.

515 F.3d 149, 153-154 (2nd Cir. 2008) See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 n.2 (9th Cir. 2009) ("[W]e agree with the Second Circuit that Bowles did not invalidate equitable tolling of the AEDPA statute of limitations."). See also Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming, without deciding, that equitable tolling applies to federal habeas proceedings).

1  Regardless of whether or not equitable tolling principles survive the debate, Petitioner has failed to demonstrate equitable tolling applies in his case. He has not demonstrated that he has "purs[ued] his rights diligently," and that "some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418-19 & n.8. In fact, Petitioner presents no explanation at all as to why he waited so long to file a post-conviction claim in the trial court, despite having an opportunity to do so in his Reply.

Arguably, as apparent to the Court from the procedural facts presented, Petitioner could not have filed his habeas petition until this year, because his one claim is based upon a United States Supreme Court case that was decided on May 4, 2009. (Doc. ##1, 3.) To the extent Petitioner argues that he is entitled to equitable, or some other tolling relief because the basis for his claim was not known at the time his state court petition was due, this argument fails because Petitioner could have availed himself of Ariz.R.Crim.P. 32.1, which provided for an exception to timeliness preclusion if a defendant could demonstrate that "there has been a significant change in the law that would probably overturn the conviction or sentence."  Petitioner was aware that he could avail himself of that provision, as he checked a box on the form Notice of Post-Conviction Relief he filed indicating that an untimely Notice may be excused on that basis. (Doc. #9, Exh. G, at 2-3.) Although he did not raise a "significant change in the law" claim in his Notice, he could have sought relief in the state court in a subsequent petition on that basis after the Supreme Court case was decided. See, Ariz.R.Crim.P. 32.1(g) (Arizona permits a successive and untimely claim in post-conviction proceedings if "[t]here has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence.").

Because Petitioner never raised his habeas claim in state court, that claim is also unexhausted and may be alternatively dismissed on that basis. A federal court may not grant habeas relief on the merits of a claim that was not exhausted in the state courts. 28 U.S.C. §2244(b)(1)(A). To properly exhaust a federal habeas claim, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Castille v. Peoples, 489 U.S. 346, 349-351 (1989).

For the foregoing reasons, the court finds that Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d)(1), and his claim is unexhausted under 28 U.S.C. §2244(b)(1)(A). The court will therefore recommend that the petition be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 3rd day of December, 2009.

Michelle H. Burns
United States Magistrate Judge